SUMMERS, Justice.
In a June 6, 1976 indictment the grand jury of Orleans Parish charged Michael Ju-negain in two counts with the February 26, 1976 second degree murder of Aldin R. Pierce and his sister Catherine Francois. On February 4, 1977 the count involving Pierce was nolle pressed and the prosecution proceeded for the killing of Catherine Francois.
A plea of not guilty and not guilty by reason of insanity was entered by the defendant and after trial by jury on October 13, 1976 defendant Juengain was found guilty as charged. He was sentenced to serve the balance of his natural life at hard labor.
A contention is made on appeal that the trial judge committed prejudicial error in denying the defense motion for a mistrial because of the prosecutor’s remarks in rebuttal argument. Defense counsel asserts that although no mention was made of the defendant, that portion of the argument objected to was an indirect reference to the failure of defendant to testify on his own behalf, a ground for a mistrial under Article 770(3) of the Code of Criminal Procedure.
Our reading of the transcript of the pertinent part of the prosecutor’s rebuttal argument relied upon by the defense does not lead to the meaning the defense attributes to that argument. Instead, it is fair to say, the prosecutor was trying to point out to the jury that a witness’ prior criminal record should be considered in evaluating the witness’ credibility. And, to emphasize the reliability of the State’s witnesses, he called to the jury’s attention the fact that none of *551 the State’s witnesses had criminal records. In doing so he said, “Now, of course, no one who took the stand today had a criminal record, so that didn’t come out, but I am giving that as an example.”
It would be difficult for the jury to understand from such an argument that the defendant had failed to testify in his own behalf. Accordingly, the defense contention is not well-founded.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., dissents.